DANIEL D. BAILEY, Plaintiff in Error, *v.* HENRY WARREN, Defendant in Error.

*Error to Yamhill.*

A specific denial of all the material allegations in a complaint is a denial of the plaintiff's right of action.

THIS cause came up from Yamhill County. The complaint in the court below charges, in substance, that the plaintiff, Bailey, has an interest in, and is entitled to the possession of certain horses, of the value of $2,000; that the defendant, Warren, as sheriff, by virtue of an execution, or attachment, against the property of F. G. Dorris, seized and took away said horses; and that the defendant wrongfully detains said property, to the damage of the plaintiff in $2,000. The defendant, Warren, in his answer, specifically denies all the material allegations in the plaintiff's complaint. The plaintiff demurred to the whole answer. The demurrer was overruled, and the ruling excepted to.

*D. Logan*, for plaintiff in error.

*W. C. Johnson*, for defendant in error.

WAIT, C. J.   A specific denial of all the material allegations in a complaint is a denial of the plaintiff's right of action.   The language of a demurrer to a pleading is, "admitting the pleading to be true, yet a right of action remains." This deduction cannot be drawn in favor of a plaintiff, when all the material allegations in his complaint are specifically denied in the answer of the defendant.   The answer of the defendant, denying all the material allegations in the complaint, being admitted by the demurrer to be true, it necessarily follows that the complaint must be treated as untrue; and, hence, wholly unavailable as a statement of a cause of action.   The ruling of the Circuit Court in overruling the demurrer, and in the rendition of judgment, were clearly correct.

Judgment affirmed.